IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff/Respondent,<br><br>v.<br><br>CARLOS MEDINA-TAMAYO,<br><br>　　　　　　Defendant/Movant. | Criminal Case No. 19-CR-49-JFH<br><br>Civil Case No. 21-CV-70-JFH |

## OPINION AND ORDER

This matter comes before the Court on Defendant Carlos Medina-Tamayo's Motion to Vacate, Set Aside, or Correct Sentence [Dkt. No. 158].[1]  For the reasons set forth below, Defendant's Motion is DENIED.

## BACKGROUND

On November 14, 2019, Defendant and the United States entered into a plea agreement pursuant to which Defendant pled guilty to one count: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a) and 18 U.S.C. § 2.  On September 16, 2020, the Court sentenced Defendant to 168 months imprisonment.  Defendant did not file a direct appeal.[2]  Defendant now moves to vacate his sentence, claiming he is innocent of the charge and alleging several statutory and constitutional violations.  He contends the Court lacks jurisdiction, the search was illegal, his arrest was warrantless, his *Miranda* rights were violated, his initial appearance was untimely, and the assistance of his counsel was ineffective.  The United

---

[1] All docket numbers refer to 19-CR-49-JFH.

[2] Defendant initially filed a Notice of Intent to Appeal [Dkt. No. 132], but subsequently filed a motion to voluntarily withdraw that appeal which the Tenth Circuit granted [Dkt. No. 156].

States, conversely, argues that Defendant waived his right to file the present motion, his claims are procedurally barred, and he cannot establish ineffective assistance of counsel.

## ANALYSIS

The Court first considers two procedural issues before turning to the merits of Defendant's claim for ineffective assistance of counsel.

### I.     Waiver.

The plea agreement Defendant executed contains a waiver of appellate and post-conviction rights. Specifically, Defendant "waive[d] the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel . . . ." *See* Dkt. No. 79 at 4. Where a defendant waives by plea agreement the right to bring a post-conviction collateral attack on the sentence and subsequently files a § 2255 motion, a court must determine whether to enforce the waiver by considering: "(1) whether the disputed claim falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012). After analyzing these factors, the Court concludes the waiver Defendant executed should be enforced.

First, Defendant's claims, with one exception, fall within the scope of the waiver. The waiver broadly applies to any collateral attack but excepts claims based on ineffective assistance of counsel. Defendant consequently did not waive his claim for ineffective assistance of counsel, and that claim is addressed below. The remaining claims, however, constitute a collateral attack on Defendant's sentence, and are therefore covered by the scope of the waiver which expressly refers to a motion, such as the present one, filed under 28 U.S.C. § 2255.

Second, Defendant knowingly and voluntarily waived his appellate and post-conviction rights. When determining whether the waiver of rights was knowing and voluntary, a court

considers "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Here, the waiver language in the plea agreement establishes Defendant executed it knowingly and voluntarily. The plea agreement clearly states Defendant waived appellate and post-conviction rights, and Defendant initialed every page, including that one expressly waiving the right to attack his sentence under § 2255. *See* Dkt. No. 79 at 4. In addition to signing the entire agreement, Defendant also signed and acknowledged the following: "The defendant expressly acknowledges that counsel has explained defendant's trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above." *Id.,* at 5.

Further, there was an adequate Federal Rule of Criminal Procedure 11 colloquy. Defendant appeared with counsel at a change of plea hearing on November 14, 2019. *See* Dkt. No. 141. There, the Court advised Defendant of his constitutional rights and the consequences of waiving those rights. *Id*., at 10–11. Defendant testified he discussed with his attorney and understood the terms of the plea agreement. *Id.*, at 16–17. Defendant additionally testified the plea was made voluntarily and of his own free will and he had not been forced, threatened, or promised anything by any person in exchange for his plea. *Id*., at 13–14. Based on Defendant's testimony, the Court found there was a factual basis for the guilty plea, the plea was made voluntarily, and the plea was made with Defendant's understanding of the charges and knowledge of the consequences of the plea. *Id*., at 24. Further, Defendant testified to the specific actions he took that made him guilty of the crime to which he pled guilty. *Id*., at 22-24. This plea hearing satisfied the requirements of Rule 11. *See* Fed. R. Crim. P. 11(b).

Third and finally, enforcing the waiver would not result in a miscarriage of justice. The Tenth Circuit has held enforcement of a waiver causes a miscarriage of justice in only four specific scenarios: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. This "list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008) (quotations omitted). As to the first scenario, Defendant has not alleged, nor is there any evidence, that the Court relied on an impermissible factor such as race. As to the second scenario and as fully addressed below, Defendant was not subject to ineffective assistance of counsel.

As to the third, the sentence did not exceed the statutory maximum. Defendant was determined to have a Category I criminal history score, which, combined with a total offense level of 37, resulted in a recommended guideline range of 210 to 262 months. *See* Dkt. No. 124 at 1. For reasons set forth in a sealed motion [Dkt. No. 117], the Court departed downward four levels to an offense level of 33, which resulted in a recommended guideline range of 135 to 168 months. Defendant was was sentenced to 168 months imprisonment, which did not exceed the statutory maximum of life imprisonment. And as to the fourth and last scenario, the waiver was not otherwise unlawful. A waiver is "otherwise unlawful" when it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327. Defendant executed the waiver with knowledge and understanding of its terms while represented by counsel. The waiver did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

The Court therefore enforces Defendant's waiver of appellate and post-conviction rights. Defendant has waived the right to collaterally attack his sentence, except as to the claim for ineffective assistance of counsel, which is considered below.

## II.     Procedural Bar.

A motion filed under § 2255 is not a substitute for a direct appeal, and the "failure to raise an issue either at trial or on direct appeal imposes a procedural bar" to review under § 2255. *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004).  There are, however, two exceptions to this general rule.  First, the procedural bar will not be applied "if defendant can show both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice." *Id*.  Second, the procedural bar will not be applied if a defendant can demonstrate that failure to consider the claims "will result in a fundamental miscarriage of justice." *Id*.  Defendant did not file a direct appeal and therefore any arguments raised are procedurally barred unless an exception is applicable.  Here, there is applicable exception.

As to the first exception, Defendant has not shown good cause for failing to raise these issues earlier, nor has he shown that failure to consider these issues would result in actual prejudice. "Cause" sufficient to excuse a procedural default occurs where a "claim is so novel that its legal basis [wa]s not reasonably available to counsel at the time of the direct appeal." *United States v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Defendant has presented no justification as to why he did not raise his claims on a direct appeal, and the arguments and authorities on which he relies were available to him at that time.  "Actual prejudice" sufficient to excuse a procedural default occurs where the error of which the defendant complained was "an error of constitutional dimensions that worked to his actual and substantial disadvantage." *Snyder*, 871 F.3d at 1128 (quoting *United States v. Frady*, 456 U.S. 152, 168

(1982)). Defendant has presented no argument on this point and the Court has found no evidence of actual prejudice. It is true that "[a] meritorious claim of ineffective assistance of counsel constitutes cause and prejudice for purposes of surmounting the procedural bar." *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004). As explained below, however, Defendant's claim of ineffective assistance of counsel is not meritorious.

And as to the second exception, Defendant has not shown that failure to consider the claims would result in a fundamental miscarriage of justice. Defendant claims he is innocent, and the imprisonment of an individual innocent of the crime for which he or she has been convicted does constitute a fundamental miscarriage of justice. *Cervini*, 379 F.3d at 991. In post-conviction proceedings, however, the defendant must "adduce new evidence" which shows "that constitutional error probably resulted in the conviction of one who was actually innocent." *Id*. To meet this standard, the defendant is "required to establish, by a fair probability, that the trier of facts would have entertained a reasonable doubt of his guilt." *Id*. Defendant has made no argument that new evidence exists, let alone that it would allow the trier of fact to entertain reasonable doubt. Neither exception to the procedural bar is applicable here. Consequently, Defendant's claims are not subject to review under § 2255.

### III.    Ineffective Assistance of Counsel.

As outlined above, Defendant did not waive his claim for ineffective assistance of counsel, and a successful ineffective assistance claim can overcome the procedural bar. Defendant alleges his counsel did not inform him about the legality of his charges or conviction, which were "made under an illegal government activity." *See* Dkt. No. 158 at 3, 6. Defendant's argument appears to be that counsel was ineffective in not informing him about the supposedly invalid nature of the search and seizure.

There exists "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000). To demonstrate that counsel's assistance was sufficiently ineffective, a defendant must establish two elements: (1) that "counsel's performance was deficient" and, (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deemed deficient when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. And counsel's deficient performance prejudices the defense when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Here, Defendant has not satisfied the *Strickland* test.

Defendant has failed to establish that his counsel's performance was deficient. The appropriate measure is an objective standard of reasonableness under prevailing professional norms. *Id*. at 688. In the context of a plea, effective performance involves "counsel's informed opinion as to what pleas should be entered." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997). Here, Defendant has presented nothing other than insufficient, bare assertions that counsel failed to inform him about the supposed illegality of the search and seizure. He presented no evidence or argument on this point, and indeed, his claims are belied by the record. Defendant asserts the arrest warrant at issue named another individual, while the record reflects no such thing. A warrant was issued on May 24, 2019 [Dkt. No. 2], and another was issued on June 11, 2019 [Dkt. No. 30], both of which authorized the arrest of Defendant. Of course, if the initial arrest was valid, counsel cannot be ineffective in failing to challenge its validity. Where an issue lacks merits, counsel's failure to raise that issue cannot be constitutionally ineffective. *United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995). Moreover, at the plea hearing, Defendant testified that counsel

7

had been fully informed about the case, that he spoke with counsel about the charges, and that he was satisfied with counsel's services. *See* Dkt. No. 141 at 10, 17, 21. Counsel's performance was not constitutionally deficient.

Having failed to meet the first prong of the *Strickland* test, Defendant cannot meet the second. To demonstrate prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Defendant has not established counsel's performance was deficient, and therefore there was no deficiency which might have caused prejudice. Defendant was not subject to ineffective assistance of counsel.

### IV. Evidentiary Hearing, Appointment of Counsel, and Certificate of Appealability.

Having determined that Defendant's Motion should be dismissed, the Court now considers three procedural matters. First, Defendant has requested the appointment of counsel. As a general rule, "[t]here is no right to counsel in postconviction proceedings." *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), (b), however, the court "may" provide representation to a defendant in a § 2255 proceeding if he or she is "financially eligible" and "the interests of justice so require." Here, the interests of justice do not require the appointment of counsel. The issues presented here are not particularly complex, and Defendant adequately conveyed to the Court the arguments at issue.

Additionally, and pursuant to 28 U.S.C. § 2255(b), the Court is to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." In the present case, the parties' briefing and the record conclusively show Defendant is not entitled to relief and that an evidentiary hearing is not necessary. The Court therefore declines to hold an evidentiary hearing.

Finally, a certificate of appealability may issue only if Defendant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Here, as explained above, he has made no such showing. And when a court dismisses a § 2255 motion on procedural grounds, a certificate of appealability should issue only if "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court concludes reasoned jurists would neither debate whether Defendant's motion states a valid constitutional claim nor whether the Court was correct in its procedural ruling. Consequently, and pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Defendant Carlos Medina-Tamayo's Motion to Vacate, Set Aside, or Correct Sentence [Dkt. No. 158] is DENIED.

Dated this 30th day of June 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE